1

2

3

4

5

6

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

7

DANTE H. PATTISON,

Case No.: 3:20-cv-00287-MMD-WGC

8

    Plaintiff,

**ORDER**

9

v.

Re: ECF No. 22

10

SANDOVAL, *et al.*,

11

    Defendants.

12

13

    Before the court is Plaintiff's "Motion to Receive Photographic Equipment to Perpetuate

14

Evidence" (ECF No. 22). Plaintiff seeks an order of the court to require NDOC to allow Plaintiff

15

to be provided a camera he claims to have ordered from Amazon.  Plaintiff represents he wants to

16

use the camera to maintain "photographic evidence of [his] dental injuries, NNCC Dental office

17

facilities, dental suplys (sic) etc. . . ." which he states are "crucial to [his] case and must be

18

preserved." (*Id.* at 1.)

19

    Defendants object to providing Plaintiff photographic equipment under NDOC

20

Administrative Regulation 711.01(3)(B) and Operational Procedure 7.35 (ECF Nos. 28-2 and 28-

21

3). Defendants state an inmate's possession of a camera presents a security risk. Plaintiff's request

22

1

23

for possession of a camera was denied by NDOC "for obvious safety and security reasons." (ECF No. 22 at 4.) The NDOC regulations also prevents an inmate from possibly taking "photographs of staff or other inmates for the purpose of threatening, extorting or embarrassing the subject of a photograph." (ECF No. 28 at 4; ECF No. 29.)

As this court stated in denying Plaintiff's motion (ECF No. 20) seeking transfer of funds from his inmate savings account, the court should give deference to NDOC regulations which govern institutional security, citing *Ross v. Kreuger*, 2014 WL 553234, Case No. 2:13-cv-00355-GMN, at *4 (D. Nevada Feb. 7, 2014), citing *Beard v. Banks*, 548 U.S. 521, 528 (2006).

Although the subject matter of the inmate's request in *Ross* was not the same as that made by Pattison[1], nevertheless District Judge Navarro's observation is analogous: "* * * courts must give substantial deference to the professional judgment of prison administrations," citing *Beard*, *supra*, and *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003) (*Ross*, *supra*, at *4).  If the prison regulation is "reasonably related to legitimate penological interests," then the courts should give deference to the regulation. *Turner v. Safley*, 482 U.S.  78, 107 (1987).

The court finds there is a clear penological interest in not allowing inmates to possess cameras within NDOC institutions and Plaintiff's motion (ECF No. 22) in that respect is **<u>DENIED</u>**.

<u>**POSSIBLE PERPETUATION OF EVIDENCE**</u>

The lack of dental care of which Plaintiff complains occurred between 2015 and 2019. Screening Order, ECF no. 6 at 4.  Plaintiff also alleges Defendants failed to provide dental care in

---

[1] Ross sought the identity and address of other inmate witnesses from whom he sought to secure witness affidavits. NDOC denied the request on the grounds inter-inmate communications are barred under NDOC AR 750-04 unless they are co-plaintiffs or co-defendants in litigation.

May of 2020. (Id. at 5.) The court surmises the condition of Plaintiff's dental work may have changed, perhaps even dramatically, since the dates of Plaintiff's complaints of dental care. However, that being said, the court recognizes the interest laintiff may have in perpetuating evidence regarding the condition of Plaintiff's teeth and mouth.[2] The court, therefore, directs Defendants' counsel to explore with NDOC the possibility of obtaining photographs of Plaintiff's teeth/mouth.  While the court has a difficult time envisioning how such photographs would be taken or what they might depict, the court instructs that this avenue of should be explored. Defendants' counsel shall report back to the court within ten (10) days of the date of this order whether this discovery can be – or has been – undertaken.

**IT IS SO ORDERED.**

DATED:  August 16, 2021.

*William G. Cobb*

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

---

[2] The court sees no relevance as to photographs of "NNCC Dental Office facilities, dental suplys (sic), etc. . . . " (ECF No. 22 at 1.)  Plaintiff offers no rationale for photographic evidence of such facilities.