UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DANTE H. PATTISON,<br><br>    Plaintiff<br><br>v.<br><br>BRIAN SANDOVAL, et. al.,<br><br>    Defendants | Case No.: 3:20-cv-00287-MMD-WGC<br><br>**Report & Recommendation of**<br>**United States Magistrate Judge**<br><br>Re: ECF No. 45 |

    This Report and Recommendation is made to the Honorable Miranda M. Du, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

    Before the court is Plaintiff's Motion for Leave to Seek Permissive Joinder of Parties Per FRCP Rule 20(a)(1)(A)(B). (ECF No. 45.) It appears that the relief Plaintiff seeks is not permissive joinder of parties under Rule 20, but consolidation of two cases under Rule 42. Therefore, the court has treated Plaintiff's motion as one seeking consolidation. After a thorough review, it is recommended that Plaintiff's motion be denied.

### **I. BACKGROUND**

    Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 7.) The court screened Plaintiff's complaint and allowed him to proceed with the following claims:

**Claim 1**: an Eighth Amendment deliberate indifference to serious dental needs claim against defendants Sullivan, Vargas, Dr. Peterson[1], and Doe dentist[2], based on allegations they knew about his dental kites and issues and he complained for years about not receiving treatment from a dentist, as well as an Eighth Amendment deliberate indifference to serious medical needs claim against supervisory officials Sandoval, Baca, Dzurenda, Aranas and Laxalt, based on an allegation that Vargas told them that due to a lack of resources NNCC dental had a policy of denying preventive care to inmates.

**Claim 2**: a retaliation claim against Sullivan and Meza based on allegations that he filed a grievance with evidence attempting to prove the allegations of denial of dental care, and Sullivan and Meza purposely destroyed the evidence to prevent Plaintiff from pursuing his claims.

Plaintiff now seeks leave to permissively join this case with *Caballero v. Aranas*, 3:19-cv-00079-MMD-WGC. Plaintiff argues that these cases arise out of the same conditions of confinement by the same actors, at the same location, during the same time, resulting in similar damages, injury and harm. (ECF No. 45.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 42 governs consolidation and provides: "If actions before the court involve a common question of law or fact, the court may: (1) joint for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). In addition, "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more

---

[1] A suggestion of death has been filed with respect to defendant Dr. Peterson. (ECF No. 32.)

[2] The court granted Plaintiff's motion to substitute Dr. Benson for the Doe Dentist on August 18, 2021, and gave the Attorney General's Office 15 days to advise the court whether it will accept service for Dr. Benson. (ECF No. 38.)

separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). "When ordering a separate trial, the court must preserve any federal right to a jury trial." Fed. R. Civ. P. 42(b).

Under Local Rule 42-1(b), a party may file a motion to consolidate when "it reasonably appears the actions involve common questions of law or fact and consolidation would aid in the efficient and economic disposition of an action."

"The district court has broad discretion under this rule to consolidate cases pending in the same district." *Investors Research Co. v. U.S. Dist. Court for the Central Dist. Of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989) (citations omitted). In determining whether to consolidate, the court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. U.S.*, 743 F.2d 703, 704 (9th Cir. 1984); *Paxonet Communications, Inc. v. TranSwitch Corp.*, 303 F.Supp.2d 1027, 1028 (N.D. Cal. 2003) ("To determine whether to consolidate, a court weighs the interest in judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation.") (citation omitted). The moving party bears the burden of showing consolidation is appropriate. *See In re Nat'l Football Leagues Sunday Ticket Antitrust Litigation*, Case No. ML 15-02668-BRO (JEMx), 2016 WL 6768841, at * 2 (C.D. Cal. May 23, 2016) (citing *In re Repetitive Stress Injury Litig.*, 11 F.3d 368, 373 (2d Cir. 1993), *Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F.Supp.2d 1052, 1057 (S.D. Cal. 2007)).

### III. DISCUSSION

**A. Plaintiff's Complaint**

In his complaint, Plaintiff alleges that between 2015 and 2019, Defendants promised to provide sufficient resources to give inmates dental care, but fell short of that measure. He claims

he has been on a waiting list to receive basic dental care since 2013, including deep root scaling to remove bacterial plaque/calcite build up, and fluoride treatment to strengthen rapidly decaying teeth. Despite waiting for seven years on this list, and sending dozens of kites, Defendants failed to deliver care. Plaintiff states that he suffered damage in the form of chipped and cracked teeth for teeth 5, 8, 12 and 23; rapidly decaying teeth number 2, 3, 5, 8, 12, 15, 18, 19, 23, 30, 21; loss of tooth 14; gingivitis, bacterial plaque buildup, calcite and tartar buildup, and between eight and eleven visible cavities. He alleges that Vargas confided to him that she complained to the board about the lack of resources and the refusal to provide basic dental care.

Plaintiff goes on to allege that he sent kites alleging serious pain, a broken crown on tooth 19, and infected and inflamed teeth 2, 15, 18, 19, and 31, with exposed nerves. His cavities have not been treated, his crown has not been replaced, and his calcite/plaque was not removed.

Plaintiff claims that the dental department is chronically understaffed. He claims that NNCC dental only does tooth extractions, even though less invasive procedures such as drilling, fillings, permanent crowns, calcite removal and root canals are medically appropriate. He initially refused Dr. Peterson's offer to extract tooth 14, which had a simple cavity which needed to be filled, but eventually acquiesced after suffering in pain for a long time.

Plaintiff's complaint also includes a retaliation claim against Sullivan and Meza, based on allegations that he submitted a grievance that attached four dental kites as his proffered evidence of deliberate indifference. He alleges that they purposely destroyed the evidence when the grievance was processed in retaliation for his filing of the grievance.

**B. Caballero's Complaint**

The court screened Caballero's complaint and allowed him to proceed with an Eighth Amendment claim for deliberate indifference to his serious dental needs against the Estate of Gene Hing Yup (substituted in for Dr. Yup after he passed away), Melissa Mitchell, and Dr. Mardell Peterson (a suggestion of death has also been filed as to Dr. Peterson), Dr. Benson, Jennifer Vargas and Summer Jacobsen. (ECF Nos. 74, 106 in 3:19-cv-00079-MMD-WGC.) Dr. Benson and Summer Jacobsen have been dismissed.

Some of Caballero's allegations regarding a policy of providing substandard medical care are the same as Plaintiff's in this action. Caballero further alleges he suffered rapidly decaying teeth 4, 5, 6, 8, 11, 12, 13, 15, 18, 23, 27, 29, 30, 32, loss of tooth 19, gingivitis, bacterial plaque buildup, calcite and tartar building, recession of the gumline and 13 or more visible cavities. He has been waiting on a list for treatment for tooth 15, drilling and filling of teeth 7, 8, 9, 10, 18, 30, and 32.

He claims that during a dental visit on April 11, 2019, he told Vargas that the fillings in his front tooth and rear molar had fallen out, and he needed the plaque, calcite and tartar removed, that he had gingivitis and was in pain, and the rear molar was severely infected. When Dr. Benson asked what they were going to do, Vargas said that Caballero needed his tooth pulled, and then she did not want to give him a long-handled toothbrush. In December of 2019, he saw Melissa Mitchell, and told her he had been in excruciating pain, and she told him there is no such thing as a dental emergency. She also told him they did not perform root canals within NDOC, and the only treatment for tooth 19 was to pull it out. She acknowledged that a root canal would be the proper procedure outside of the institutional setting. (ECF No. 30-1 in 3:19-cv-00079-MMD-WGC.)

5

## C. Analysis

While the two complaints contain some identical allegations concerning a purported policy of providing substandard dental care at NNCC, each inmate has different allegations about the dental care they actually received, and what was deficient about that care. Each inmate suffered different dental injuries to different teeth.

A case alleging deliberate indifference requires that the inmate prove that the defendant knew of and disregarded a risk to his dental health. This is a subjective inquiry, that will require the court (on summary judgment) or the jury (at trial) to evaluate the care, or lack of care, that is particular to each inmate. While there may be some general commonalities, such as alleged understaffing and placement on a seemingly perpetual waitlist, ultimately the case will turn on the care provided (or not provided) to each inmate. Additionally, while some of the defendants are the same, there are many defendants not involved in both cases. Finally, these cases are at different stages procedurally. In *Caballero*, the court has already denied Plaintiff's motion for summary judgment, and Defendants' motion for summary judgment is pending before the court. In this case, dispositive motions have not yet been filed.

For these reasons, the court finds that consolidation would not aid in the efficient and economic disposition of either action, and recommends denial of Plaintiff's motion.

## IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DENYING** Plaintiff's motion seeking to consolidate this action with *Caballero v. Aranas*, 3:19-cv-00079-MMD-WGC (ECF No. 45).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: August 26, 2021

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　William G. Cobb
　　　　　　　　　　　　　　　　　　United States Magistrate Judge