UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DANTE H. PATTISON,

    Plaintiff

v.

BRIAN SANDOVAL, et. al.,

    Defendants

Case No.: 3:20-cv-00287-MMD-WGC

**REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE**

Re: ECF No. 75

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Plaintiff has filed a FRCP 6(b) Motion for Extension of Time to Substitute Def. Mardelle Petersen's Personal Representative as real party at interest per Rule 25(a)(1). (ECF No. 75.)

For the reasons set forth below, it is recommended that Plaintiff's motion be denied, and that Dr. Petersen be dismissed without prejudice.

**I. BACKGROUND**

Plaintiff is a pro se inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding with this civil rights complaint under 42 U.S.C. § 1983. (Compl., ECF No. 7.) The court screened Plaintiff's complaint and allowed him to proceed with an Eighth Amendment deliberate indifference to serious dental needs claim against Sullivan, Vargas, Petersen, and a John Doe dentist when Plaintiff learns that dentist's identity[1], as well as an Eighth Amendment supervisory liability claim against Sandoval, Baca, Dzurenda, Aranas and

---

[1] Dr. Benson was substituted in for the John Doe dentist. (ECF No. 38.)

Laxalt. Plaintiff was further allowed to proceed with a retaliation claim against Sullivan and Meza. (ECF No. 6.)

On August 2, 2021, Plaintiff filed a motion stating that he had received notice that Dr. Petersen had passed away and moved to substitute in the Estate of Dr. Petersen through a Jane Doe as personal representative. (ECF No. 25.) The court denied this motion because it had concluded in another case, *Caballero v. Aranas*, 3:19-cv-00079-MMD-WGC, that an estate had not been opened, nor had a personal representative of the estate been appointed, and it was not proper to substitute a "jane doe" as a personal representative. The court denied the motion without prejudice, stating that if Plaintiff discovered the establishment of an estate within 90 days following the filing of a suggestion of death, he could file another motion for substitution. (ECF No. 35.)

A suggestion of death was filed for Dr. Mardelle Petersen on August 16, 2021. (ECF No. 32.)

In this motion, Plaintiff states that he still researching whether an estate has been formed for Dr. Petersen. As such, he seeks a 60-day extension of time to complete research regarding the estate. Alternatively, Plaintiff seeks an order of dismissal of Dr. Petersen without prejudice. (ECF No. 75.)

## II. DISCUSSION

Rule 25 provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any part or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).

"This 90-day deadline may be extended by Rule 6(b), including after its expiration if the party failed to act due to 'excusable neglect.'" *Zanowick v. Baxter Healthcare Corp.*, 850 F.3d 1090, 1094 (9th Cir. 2017) (citing Fed. R. Civ. P. 6(b))." "Rule 6(b) 'works in conjunction with Rule 25(a)(1) to provide the intended flexibility in enlarging the time for substitution.'" *Id*. (quoting *Zeidman v. Gen. Accident Ins. Co.*, 122 F.R.D. 160, 161 (S.D.N.Y. 1988)).

The suggestion of death was filed on August 16, 2021. Ninety days expired on November 15, 2021, and no motion for substitution was made. Plaintiff did file his motion for an extension before expiration of the 90-day deadline. Under Rule 6(b), the court may extend the time Plaintiff has to file a motion for substitution if he establishes good cause. Fed. R. Civ. P. 6(b)(1)(A). In addition, the Ninth Circuit has held that under these circumstances it is also appropriate for the court to exercise its discretion and dismiss Dr. Petersen without prejudice.

> The intersection between Rules 6(b) and 25(a) usually plays out in one of two ways. First, a party misses the 90-day deadline, and seeks leave to file a late substitution. Rule 6(b) governs these requests. Second, a party cannot make a proper substitution in 90 days. When this occurs, district courts exercise their discretion and decide whether to dismiss the case with or without prejudice. If without prejudice, a substitute may be located and the lawsuit re-filed.

*Zanowick,* 850 F.3d at 1094-95. The second scenario is presented here. In such a case, "either a dismissal without prejudice or an extension of the 90-day deadline are discretionary options for the district court." *Id*. at 1096.

The undersigned recently issued a report and recommendation in the *Caballero* case that Dr. Petersen be dismissed without prejudice. The court concluded there, and concludes similarly here, that this option makes the most sense given that Plaintiff, the court, as well as the Attorney General's Office have spent a significant amount of time researching whether an estate exists for Dr. Petersen. The answer thus far, is no.

3

At this point, where no one has identified a proper legal representative, the parties' and the court's resources are better spent focusing on the issues pertaining to the current parties to the case. If Plaintiff should obtain information in the future that identifies a proper personal representative, Plaintiff may re-file his lawsuit.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DENYING** Plaintiff's motion (ECF No. 75), and **DISMISSING** Dr. Petersen **WITHOUT PREJUDICE.**

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: November 18, 2021

_____
William G. Cobb
United States Magistrate Judge