1                          UNITED STATES DISTRICT COURT

2                                 DISTRICT OF NEVADA

3                                                    Case No.: 3:20-cv-00287-MMD-CSD
      DANTE PATTISON,
4                                                                **Order**
            Plaintiff
5                                                            Re: ECF No. 84
      v.
6
      BRIAN SANDOVAL, et al.,
7
            Defendants
8

9          Before the court is Plaintiff's emergency motion to stay discovery until Defendants

10   comply with ECF No. 70. (ECF No. 84.)

11         At an October 14, 2021 hearing, in an effort to avoid further discovery disputes,

12   Magistrate Judge William G. Cobb ordered Defendants to endeavor to produce the following

13   categories of documents to Plaintiff: (1) all grievances related to dental care made by Plaintiff

14   from 2016 to the present; (2) all e-mails related to Plaintiff's dental care from defendant Sullivan

15   from 2016 to the present; (3) all NDOC e-mails related to Plaintiff from 2016 through the present

16   (beyond those involving Sullivan); and (4) all statistical reports pursuant to Administrative

17   Regulation (AR) 602.01. Judge Cobb also stayed all other discovery until these materials were

18   produced and Plaintiff had a chance to review them. (ECF No. 70.)

19         On January 25, 2022, this action was reassigned to the undersigned following Judge

20   Cobb's retirement.

21         On January 31, 2022, Defendants filed a motion to extend the dispositive motions

22   deadline, and sought guidance regarding certain of the categories of documents that Judge Cobb

23   had identified at the October 14, 2021 hearing. (ECF No. 81.)

1    On February 2, 2022, the undersigned issued an order regarding Defendants' motion.

2 With respect to the e-mails from Sullivan regarding Plaintiff's dental care, Defendants stated

3 they had located some responsive e-mails, but they were subject to the attorney-client privilege

4 and work product protection. The court ordered that Defendants were not required to produce

5 e-mails that are privileged or subject to the work product doctrine, but Defendants must provide

6 Plaintiff with a privilege log. Regarding the NDOC e-mails related to Plaintiff from 2016 to the

7 present, Defendants indicated that they initially came up with over 200,000 e-mails, and when

8 they limited their search to Plaintiff's name and the search term "dental," there were still in

9 excess of 5,000 e-mails. On further review of the request, and in light of the volume of e-mails at

10 issue even with Defendants limiting the search terms, the court found that this category of

11 documents is overbroad and not proportional to the needs of the case. The court gave Plaintiff

12 specific examples of documents he could request that would be relevant to his claims and

13 proportional to the needs of the case. Finally, the court lifted the stay of discovery, and gave the

14 parties until April 4, 2022, to complete discovery, and extended the dispositive motions deadline

15 to May 4, 2022. (ECF No. 83.)

16    In his current motion, Plaintiff conveys his displeasure with the February 2, 2022 order.

17 The court stands by its conclusion that the request for all NDOC e-mails about Plaintiff from

18 2016 to the present is overbroad and not proportional to the needs of the case. Moreover,

19 Plaintiff does not explain why the court's order allowing him to engage in relevant and

20 proportional discovery is in error.

21    Plaintiff also asks for a stay of discovery, but provides no basis for imposing a stay. It has

22 been 195 days since the first scheduling order was entered in this case on July 27, 2021. The

23

1  claims proceeding in this action are not unduly complex, and the parties must move forward and

2  complete discovery.

3        Plaintiff's motion references footnote 2 in the court's February 2, 2022 order, noting that

4  Deputy Attorney General (DAG) Avillo had objected to the category of documents as being

5  overbroad. Plaintiff asserts that this is belied by the record. Plaintiff is correct that DAG Avillo's

6  objection is not referenced in the court's minutes; however, a recording of the hearing reveals

7  that DAG Avillo voiced concern several times that the categories of documents being sought by

8  Plaintiff were overbroad.

9        Plaintiff also references footnote 3 of the February 2, 2022 order, where the court stated

10  that it presumed Defendants had produced the other two categories of documents (grievances

11  from 2016 to the present and statistical reports regarding dental pursuant to AR 602.01) since

12  they were not mentioned in Defendants' motion. Plaintiff states that the court's presumption

13  "may have, perhaps, made in good faith, but its inferred trust in Defendants and their counsel has

14  not been." It is unclear what Plaintiff means by this, but Plaintiff does not specifically claim that

15  Defendants did not in fact produce these documents.

16        Plaintiff also takes issue with the portion of the court's order stating that Plaintiff is not

17  permitted to possess his dental records in his cell. He argues that the law of the case mandates

18  that inmate plaintiffs may possess all portions of their medical file in their cell if permitted by

19  court order, referencing an order issued by Magistrate Judge Cobb in *Williams v. Marks*, 3:17-

20  cv-355-MMD-WGC, *Ruiz v. NDOC*, 3:17-cv-00643-RCJ-WGC, *Lopez v. NDOC*, 3:17-cv-

21  00732-RCJ-WGC, and *Evans v. Dzurenda,* 3:18-cv-00283-RCJ-WGC. That order was entered in

22  *those specific cases*, and was based on Judge Cobb's interpretation of Administrative Regulation

23  (AR) 639 in effect *at that time*. (*See* ECF No. 111 in 3:17-cv-355-MMD-WGC.) NDOC has

1   since issued a new version of AR 639 which explicitly states that inmates are prohibited from

2   possessing any portion of their medical file on their person, in their cell, or on the yard.

3   AR 639.03(1). Offenders may, however, request to review their medical records and make notes

4   regarding the information contained within the records. AR 639.03(2),(4)(A).

5          Finally, Plaintiff asks for the appointment of counsel to litigate the remainder of this action.

6   While any pro se inmate would likely benefit from services of counsel, that is not the standard this

7   court must employ in determining whether counsel should be appointed. *Wood v. Housewright*,

8   900 F.2d 1332, 1335-1336 (9th Cir. 1990).

9          A litigant in a civil rights action does not have a Sixth Amendment right to appointed

10  counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In very limited circumstances,

11  federal courts are empowered to request an attorney to represent an indigent civil litigant. The

12  circumstances in which a court will grant such a request, however, are exceedingly rare, and the

13  court will grant the request under only extraordinary circumstances. *United States v. 30.64 Acres*

14  *of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th

15  Cir. 1986).

16         A finding of such exceptional or extraordinary circumstances requires that the court

17  evaluate both the likelihood of Plaintiff's success on the merits and the *pro se* litigant's ability to

18  articulate his claims in light of the complexity of the legal issues involved. Neither factor is

19  controlling; both must be viewed together in making the finding. *Terrell v. Brewer*, 935 F.2d

20  1015, 1017 (9th Cir. 1991), *citing Wilborn, supra,* 789 F.2d at 1331.

21         Thus far, Plaintiff has been able to adequately articulate his claims. Moreover, the claims

22  proceeding in this action are not unduly complex. Nor does Plaintiff's motion demonstrate  a

23

1  likelihood of success on the merits. Therefore, he has not demonstrated circumstances exist to

2  justify the appointment of counsel.

3                                              **CONCLUSION**

4          For the reasons stated herein, Plaintiff's emergency motion requesting a stay of discovery

5  and the appointment of counsel (ECF No. 84) is **DENIED**.

6  **IT IS SO ORDERED**.

7  Dated: February 7, 2022

8                                                        _____
                                                         Craig S. Denney
9                                                        United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23