UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DANTE H. PATTISON,<br><br>    Plaintiff<br><br>v.<br><br>BRIAN SANDOVAL, et al.,<br><br>    Defendants | Case No.: 3:20-cv-00287-MMD-CSD<br><br>**Order**<br><br>Re: ECF Nos. 112/113, 114, 115/116 |

Plaintiff has filed: (1) a motion for entry of default judgment against Defendants as a result of their purported failure to comply with the court's order to produce documents (ECF Nos. 112, 113); (2) an emergency motion to temporarily stay the telephonic hearing scheduled for March 31, 2022 (ECF No. 114); and (3) a motion for leave of court to supplement the record regarding his motion for default judgment (ECF Nos. 115, 116).

**I. Motion for Entry of Default (ECF Nos. 112, 113) and Motion for Leave of Court to Supplement the Record re: the Motion for Default Judgment (ECF Nos. 115, 116)**

Plaintiff has filed a motion seeking entry of default judgment as a discovery sanction under Federal Rule of Civil Procedure 37(b)(2)(A)(vi), for the purported failure to comply with the court's order of October 14, 2021, to produce various categories of documents. (ECF No. 112, memorandum at ECF No. 113.)

Under Local Rule 26-6, a discovery motion will not be considered unless the moving party has made a good faith effort to meet and confer, as defined in Local Rule IA 1-3(f), before filing the motion, and includes a declaration setting forth the details of the meet and confer conference.

Plaintiff attaches letters that he sent to defense counsel concerning the documents the court ordered to be produced. (ECF No. 113 at 32-33 (letter dated November 14, 2021), 35-37 (letter dated December 19, 2021), 39-41 (letter dated January 26, 2022), 43-44 (letter dated February 14, 2022), 46-47 (letter dated February 14, 2022).) Plaintiff does not, however, include a declaration certifying that he met and conferred with defense counsel about bringing this motion for entry of default judgment as a sanction for the purported failure to produce the ordered documents. As a result, Plaintiff's motion for the entry of default judgment as a sanction under Rule 37 is denied without prejudice.

Plaintiff's motion for leave of court to supplement the record (ECF Nos. 115, 116) is granted insofar as the court has reviewed the documents filed at ECF Nos. 115 and 116; however, as will be discussed further below, the court does not agree with Plaintiff's accusation in those documents that Deputy Attorney General (DAG) Dorame perjured himself or suborned perjury with respect to a certificate of service.

**II. Emergency Motion to Temporarily Stay the March 31, 2022 Hearing (ECF No. 114)**

Plaintiff moves to temporarily stay the telephonic hearing scheduled for March 31, 2022, on the basis that his motion for entry of default judgment "is likely to significantly alter the course of this litigation as it will be dispositive of most of the issues in this case[.]" (ECF No. 114.) In light of the court's order denying the motion for entry of default judgment without prejudice, Plaintiff's motion to temporarily stay the telephonic hearing scheduled for March 31, 2022, is denied.

### III. Discovery Issues

While Plaintiff's motion for entry of default judgment has been denied without prejudice, the court would like the parties to be prepared to discuss some of the issues raised in that motion

1 and the supplemental documents (ECF Nos. 115, 116) at the hearing on March 31, 2022, in an
2 effort to stave off future motions.

3     At the October 14, 2021 hearing, Magistrate Judge William G. Cobb (now retired),
4 ordered Defendants to produce four categories of documents: (1) all grievances related to dental
5 care made by Plaintiff from 2016 to the present; (2) all e-mails related to Plaintiff's dental care
6 from defendant Sullivan from 2016 to the present; (3) all NDOC emails related to Plaintiff from
7 2016 to the present (beyond those involving Sullivan); and (4) all statistical reports pursuant to
8 Administrative Regulation (AR) 602.01. (ECF No. 70.)

9     On January 31, 2022, Defendants filed a motion advising the court about the production
10 of documents. Defendants represented that they were able to locate several emails responsive to
11 the second category of documents (emails from Sullivan), but those emails are subject to the
12 attorney-client privilege and work product doctrine. Regarding the third category of documents
13 (other emails related to Plaintiff from 2016 to the present), Defendants represented that a search
14 for these emails resulted in 237,000 emails. When narrowed to include dental as a search term,
15 there were still in excess of 5,000 emails. The motion did not discuss the other two categories of
16 documents (the dental grievances and statistical reports). (ECF No. 81.)

17     On February 2, 2022, the undersigned issued an order that: (1) Defendants were not
18 required to produce emails subject to the attorney-client privilege and work product doctrine, but
19 Defendants must provide Plaintiff with a privilege log describing each withheld document with
20 sufficient particularity to allow Plaintiff to determine whether the document was properly
21 withheld; and (2) the third category of documents (all NDOC emails regarding Plaintiff from
22 2016 to the present) is overbroad and not proportional to the needs of the case. The court lifted
23 the stay of discovery and issued new scheduling order deadlines. (ECF No. 83.)

In Plaintiff's motion for entry of default judgment, he raises issues with the production of the first (dental grievances), second (emails from Sullivan from 2016 to the present), and fourth (statistical reports) categories of documents, which the court would like the parties to be prepared to discuss at the March 31, 2022, telephonic hearing. The court would also like the parties to address what discovery remains to be completed in this action.

**(1) Grievances**

Plaintiff's motion and the attached exhibits indicate Plaintiff is seeking all documentation, including all "proposed responses" (as opposed to "official responses"), for grievances 2006-30-88540 and 2006-30-85348. (*See* ECF No. 113 at 39-41, 43-44.) It is unclear what Plaintiff claims has not been produced. He references "proposed responses" to these grievances, but then attaches copies of his inmate grievance history which contain the "proposed responses" to these grievances. As such, Plaintiff should be prepared to explain what remains deficient about Defendants' production regarding these two grievances.

**(2) Emails from Sullivan from 2016 to the Present**

In their January 31, 2022 motion, Defendants represented that they were able to locate several emails responsive to the second category of documents, but those emails are subject to the attorney-client privilege and work product doctrine. (ECF No. 81.) In the February 2, 2022 order, the court ordered Defendants to provide a privilege log for those emails that were being withheld. (ECF No. 83.) In his motion for default judgment, Plaintiff states that no privilege log has been served. (ECF Nos. 112/113.) In his motion for leave of court to supplement the record, however, Plaintiff indicates that on March 28, 2020, DAG Dorame hand-delivered a supplement to Defendants' initial disclosures, which included Defendants' privilege log. (ECF Nos. 115, 116.)

Plaintiff also provides a letter from defense counsel dated January 28, 2022, just days before Defendants' January 31, 2022 motion was filed, and the letter states that there are *no documents* responsive to the second category of documents. (ECF No. 113 at 58.) This directly contradicts the representation made in the January 31, 2022 motion, as well as the privilege log recently provided to Plaintiff. Defendants shall be prepared to explain the discrepancy between the January 28, 2022 letter and the January 31, 2022 motion and privilege log.

Plaintiff also claims that DAG Dorame perjured himself or suborned perjury because the supplement to the initial disclosures which DAG Dorame hand-delivered on March 28, 2022, contains a certificate of service stating that the supplement was served on Plaintiff by mail on March 23, 2022. (*See* ECF No. 115/116 at 16.) Plaintiff disputes that the supplement was served by mail on this date and accuses DAG Dorame of falsifying the date or causing the date to be falsified. Plaintiff's basis for this accusation appears to be that he only received the supplemental disclosures when they were hand-delivered to him on March 28, 2022.

Plaintiff contends that DAG Dorame violated NRS 199.145, which describes the crime of perjury or subornation of perjury as a felony. Plaintiff's pure speculation that DAG Dorame falsified the date is not evidence of perjury or subornation of perjury. It is possible that a document placed in the mail on March 23, 2022, arriving through the prison mail system has simply not reached Plaintiff yet. Plaintiff asserts that the envelope that was hand-delivered to him had no postmark or proof of postage. It is likely that the disclosures that were hand delivered to him are a copy of what was placed in the mail on March 23, 2022. That is to say, there are various reasonable explanations concerning the March 23, 2022 proof of service. Moreover, this is a *civil* rights action pending in *federal* court, and the *federal* court does not sua sponte prosecute *state* felonies. Nevertheless, the court requests that DAG Dorame be prepared to

discuss the issue of service of the supplemental disclosures, *i.e.*, why Plaintiff did not receive the supplemental disclosures, which included the privilege log, until it was hand-delivered to him on March 28, 2022, when the court ordered Defendants to provide a privilege log in its February 2, 2022 order.

**(3) Statistical Reports**

AR 602.01 states that the director of nursing will compile a monthly report with statistics on health care delivery at their institution and submit the report to Medical Administration. Medical Administration will then compile the reports and prepare a summary of the statistics by month and year.

The January 28, 2022, letter from defense counsel states that all statistical reports pursuant to AR 602.01 were produced to Plaintiff. (ECF No. 113 at 58.) Plaintiff's February 14, 2022, letter to defense counsel states that Defendants failed to produce AR 602.01 statistical reports from 2016 to present, including those for NNCC dental clinics, specialty care clinics, outside dental referrals and outpatient surgery for these years, as well as complete inmate medical statistical reports for these years. (ECF No. 113 at 46-47.)

Defendants' letter represents that the AR 602.01 reports have been produced, but Plaintiff's letter indicates the documents have not been produced, or that Plaintiff believes there are additional statistical reports that need to be produced. The parties shall be prepared to discuss what the AR 602.01 reports entail and what was produced to Plaintiff. Plaintiff shall be prepared to explain what additional production is necessary, and how reports related to specialty care clinics and outpatient surgery (if they exist) are relevant to his claim regarding dental care.

**(4) Remaining Discovery**

Plaintiff indicates he served discovery on Sullivan (5 interrogatories), Meza (5 interrogatories) and Dr. Minev (11 requests for production). (ECF No. 104.) Defendants state that Sullivan and Meza have served their responses, and at the time they filed their response to Plaintiff's motion to extend discovery, Dr. Minev's responses were not yet due, but would be served shortly. (ECF No. 110.) Defendants shall confirm whether Dr. Minev has served his responses. In addition, the parties shall be prepared to discuss what discovery remains to be completed in this action.

## IV. Conclusion

(1) Plaintiff's motion for the entry of default judgment as a sanction under Rule 37 (ECF Nos. 112, 113) is **DENIED WITHOUT PREJUDICE**.

(2) Plaintiff's motion for leave of court to supplement the record regarding his motion for default judgment (ECF Nos. 115, 116) is **GRANTED** insofar as the court has reviewed the filings at ECF Nos. 115 and 116.

(3) Plaintiff's emergency motion to temporarily stay the telephonic hearing scheduled for March 31, 2022 (ECF No. 114) is **DENIED**.

(4) The parties shall be prepared to discuss the discovery issues identified above at the March 31, 2022, telephonic hearing.

**IT IS SO ORDERED**.

Dated: March 29, 2022

_____
Craig S. Denney
United States Magistrate Judge