UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DANTE H. PATTISON,<br><br>　　　　　　　　　　Plaintiff,<br>　　v.<br>BRIAN SANDOVAL, *et al.*,<br>　　　　　　　　　　Defendants. | Case No. 3:20-cv-00287-MMD-CSD<br><br>ORDER |

**I.　SUMMARY**

On February 2, 2022, United States Magistrate Judge Craig S. Denney entered a scheduling order and lifted the stay of other discovery in this action. (ECF No. 83 ("Order").) Before the Court is *pro se* Plaintiff Dante Pattison's objection to the Order.[1] (ECF No. 88 ("Objection").)[2] While the Court agrees with Pattison that he is permitted to possess medical/dental records in relation to this action under Administrative Regulation ("AR") 639.02(8), and as further discussed below, Pattison's Objection is nevertheless overruled.

**II.　BACKGROUND**

Pattison initiated this 42 U.S.C. § 1983 action against Defendants alleging that they denied him dental care for a period of seven years while he was in the custody of the Nevada Department of Corrections ("NDOC"). (ECF No. 7.) The Court screened Pattison's complaint and allowed three of Pattison's claims to proceed. (ECF No. 6.)

---

[1]The Court notes that Pattison also requests a hearing that the Order be vacated. (ECF No. 88 at 21.) The Court denies that request as the Court has determined that a hearing is unwarranted.

[2]Defendants filed a response (ECF No. 102), and Pattison filed a motion seeking leave to file a surreply (ECF No. 103). The Court denies Pattison's motion because the Court has determined that a surreply is unwarranted in this instance and surreplies are generally disfavored. *See* LR 7-2(b) ("Surreplies are not permitted without leave of court; motions for leave to file a surreply are discouraged.").

1  Additionally, the Court granted Pattison's *ex-parte* motion to possess his dental record in
2  his cell. (*Id.*) Citing AR 639.02(8), the Court expressly stated that Pattison "may possess
3  copies of [his] health records" in his cell because he was "personally engaged in a lawsuit
4  directly involving medical issues that would require the use of [his] medical records." (*Id.*
5  at 13.)

6  On October 14, 2021, United States Magistrate Judge William G. Cobb[3] held a
7  telephonic motions hearing that included addressing Defendants' motion for protective
8  order against Pattison's request for admission, interrogatories, and requests for
9  production of documents. (ECF No. 70.) At the hearing, Judge Cobb ordered Defendants
10 to endeavor to produce the following categories of documents:

> 1. All grievances related to dental care made by Mr. Pattison from 1016 to the present;
> 2. All e-mails related to dental care of Mr. Pattison from Defendant Sullivan from 2016 to the present;
> 3. All NDOC e-mails related to Mr. Pattison from 2016 to the present (beyond those involving Defendant Sullivan); and
> 4. All statistical reports pursuant to Administrative Regulations (AR) 602.01.

17 (*Id.* at 2.) Additionally, Judge Cobb stayed discovery until Defendants produced materials
18 discussed at the hearing and Pattison had time to review the materials produced. (*Id.* at
19 3.) Pattison was also advised that any other discovery he seeks must be proportional to
20 the needs of this action. (*Id.*)

21 Defendants thereafter filed a motion for extension of dispositive motion deadline
22 and included a notice to the Court regarding Defendants' compliance with the production
23 of documents as Judge Cobb previously ordered. (ECF No. 81.) Because the case was
24 reassigned, it was Judge Denney who issued the Order granting Defendants' motion.
25 (ECF No. 83.) In granting the motion and narrowing the scope of discovery, Judge Denney
26 stated that Pattison may request dental records, dental kites and responses, and dental

---

[3]Due to Judge Cobb's retirement, this case was reassigned to Judge Denney. (ECF No. 80.)

grievances and responses during the relevant period, if he was not already in possession of them. (*Id.* at 5.) Citing AR 639.03, Judge Denney further stated via a footnote that Pattison "is not permitted to keep his medical/dental records in his cell; however, he may kite to review those documents." (*Id.* at 5, n.4.) Judge Denney also set new deadlines and lifted the stay of other discovery. (*Id.* at 6.)

## III.   LEGAL STANDARD

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); L.R. IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1-3, where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law.") This standard of review is significantly deferential to the initial ruling. "A finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. v. Constr. Laborers Pension Tr.*, 508 U.S. 602, 622 (1993) (internal quotation marks and citation omitted). The reviewing court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cnty. of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991) (citation omitted).

## IV.   DISCUSSION[4]

In the Objection, Pattison appears to make several arguments[5] including the following. Pattison argues that (1) he should be allowed to keep his medical records in his cell; (2) Judge Denney does not have the authority to modify Judge Cobb's prior order; (3) and Defendants should have narrowed their search to produce discovery emails to comply with Judge Cobb's prior order. (ECF No. 88.) Because the Court agrees in part

---

[4]Pattison's Objection is difficult to follow at times and requires the Court to construe his arguments as stated in this order.

[5]The Court has reviewed these arguments and has determined that they do not warrant discussion beyond the three discussed in this order as they do not affect the outcome of the Objection before the Court.

with Pattison as to his first argument, the Court will address this argument and then summarily address his remaining two arguments below.

### A. Medical Records Possession

Pattison appears to argue that Judge Denney's "unsupported declaration" that Pattison is not permitted to keep his medical record is improper. (*Id.* at 10-11.) Pattison points to the Court's screening order, which granted Pattison's *ex-parte* motion to possess his dental record in his cell. (*Id.* at 11.) Defendants respond that Judge Denney's footnote has no bearing on his overall Order. (ECF No. 102 at 3.) Moreover, Judge Denney was merely stating that Pattison could request certain documents through discovery and AR 639.03 accurately does not permit an inmate to possess medical records in his cell. (*Id.*) The Court agrees in part with Pattison.

AB 639.03(1) provides that "[a]n inmate is prohibited from possessing any portion of their medical file on their person, in their cell or on the yard *unless otherwise permitted by a court order*." (ECF No. 88 at 42 (emphasis added).) Moreover, AB 639.02(8) provides the following: "Copies of the health record shall not be released directly to the inmate while incarcerated. *Exception to this release shall be made only when an inmate is personally involved in a lawsuit directly involving medical issues that would require the use of his/her medical records*, as verified by the Office of the Attorney General." (*Id.* at 41-42 (emphasis added).) In the Court's screening order, the Court granted Pattison's *ex-parte* motion to possess dental records in his cell because AB 639.02(8) permitted him to do so. (ECF No. 6 at 12-13.) To the extent that Judge Denney's footnote seeks to amend the Court's prior screening order allowing Pattison to possess relevant medical/dental records in his cell with respect to this action, the Court sustains Pattison's Objection.

Because Pattison is proceeding *pro se*, the Court notes for Pattison that, while the Court agrees in part with his argument, this does not change Judge Denney's Order. Defendants' motion for extension of dispositive motion deadline is still granted, and the relevant deadlines and the lift of the stay of other discovery as expressed in the Order remains unchanged.

4

### B. Judge Cobb's Prior Order

Pattison appears to argue that Judge Denney does not have the authority to modify Judge Cobb's prior order (ECF No. 70). (ECF No. 88 at 12-13.) Additionally, Pattison appears to argue that Defendants misled the Court and should have narrowed their search to produce discovery that complied with that order. (*Id.* at 16-21.) Implicit in these arguments is Pattison's desire to enforce Judge Cobb's prior order. But these arguments are unconvincing because Judge Denney has inherent authority to manage proceedings before him.

Here, Defendants state in their notice to the Court regarding their compliance with Judge Cobb's order that they initially located 273,000 emails related to Pattison. (ECF No. 81 at 4.) After Defendants narrowed their search, they were still left with an excess of 5,000 emails. (*Id.*) Judge Denney found, after further review, that Judge Cobb's prior order requiring Defendants to produce all emails regarding Pattison from 2016 to present was "overbroad" and "not proportional to the needs of the case." (ECF No. 83 at 5 (citing Fed. R. Civ. P. 26(b)(1).) Judge Denney therefore narrowed the scope of discovery that Judge Cobb previously established to Pattison's dental records, dental kites and responses, and dental grievances and responses to fit the needs of this action. (*Id.*) While Pattison may disagree with the factual findings in the Order, Pattison has failed to show Judge Denney committed clear error. *See* 28 U.S.C. § 636(b)(1)(A). *See also* Fed. R. Civ. P. 72(a). As such, and for the reasons stated herein, Pattison's Objection is overruled.

### V. CONCLUSION

It is therefore ordered that Plaintiff Dante Pattison's Objection (ECF No. 88) is overruled.

It is further ordered that Pattison's motion seeking leave to file a surreply (ECF No. 103) is denied.

DATED THIS 10th Day of May 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE