UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DANTE H. PATTISON,<br><br>    Plaintiff,<br>  v.<br><br>BRIAN SANDOVAL, *et al.*,<br><br>    Defendants. | Case No. 3:20-cv-00287-MMD-CSD<br><br>ORDER |

**I.    SUMMARY**

On February 7, 2022, United States Magistrate Judge Craig S. Denney denied *pro se* Plaintiff Dante Pattison's motion for leave to amend his complaint. (ECF No. 86 ("First Order").) On that same day, Judge Denney denied Pattison's motion requesting a stay of discovery and appointment of counsel. (ECF No. 87 ("Second Order").) Thereafter, on February 15, 2022, Judge Denney denied Pattison's motion for recusal as the magistrate judge assigned to this case. (ECF No. 92 ("Third Order").) In response to each of these orders, Pattison has filed objections (ECF Nos. 99, 101 (together, "Objections")).[1] Because Pattison has failed to show that Judge Denney clearly erred in issuing his three orders, as further explained below, the Court overrules Pattison's Objections.

///

///

---

[1]Before filing his first objection (ECF No. 99), Pattison also filed a motion to extend time to file an objection to the First and Second Orders. (ECF No. 93.) The Court denies the motion as moot. The Court further notes that Pattison's objections to the Second and Third Orders are contained in one objection (ECF No. 101). Defendants filed a response to that objection. (ECF No. 106.)

Additionally, Defendants filed a response to Pattison's first objection. (ECF No. 105.) Pattison then filed a motion for leave to file a surreply. (ECF No. 107.) The Court denies Pattison's motion because the Court has determined a surreply is unwarranted in this instance and surreplies are generally disfavored. *See* LR 7-2(b) ("Surreplies are not permitted without leave of court; motions for leave to file a surreply are discouraged.").

## II. BACKGROUND

Pattison initiated this 42 U.S.C. § 1983 action against Defendants alleging that they denied him dental care for a period of seven years while he was in the custody of the Nevada Department of Corrections ("NDOC"). (ECF No. 7.) Since this action began, Judge Denney has issued three orders (ECF Nos. 86, 87, 92) denying Pattison's various motions, and Pattison has objected (ECF Nos. 99, 101) to these orders.

### A. First Order

The Court previously entered a scheduling order on July 27, 2021, setting the deadline to amend or join parties in this action no later than September 27, 2021. (ECF No. 18 at 1-2.) Pattison thereafter filed a motion regarding the discovery completion deadline (ECF No. 46); the Court extended the deadlines to complete discovery and file dispositive motions (ECF No. 49). Prior to the scheduling order, Pattison had sent a letter on July 4, 2021, to Defendants seeking a stipulation to amend and add new defendants. (ECF No. 85 at 4-5.) On July 16, 2021, Defendants responded that they had no objection to adding the specific defendants that were named. (*Id.* at 7-8.)

In the First Order, Judge Denney denied Pattison's motion to amend his complaint, which Pattison filed on February 7, 2022. (ECF No. 86.) The motion was denied because Pattison did not explain why he waited roughly seven months to file his motion after Defendants had stipulated to his request to amend. (*Id.* at 3.) Nor did Pattison explain why he waited more than four months after the scheduling order expired before he moved for leave to amend his complaint. (*Id.*) Accordingly, Judge Denney did not find good cause to grant Pattison's belated motion for leave to amend. (*Id.*) In response, Pattison filed his first objection. (ECF No. 99.)

### B. Second Order

At a telephonic motions hearing held on October 14, 2021, the Court ordered Defendants to endeavor to produce four categories of documents that included "[a]ll NDOC e-mails related to Mr. Pattison from 2016 to the present (beyond those involving Defendant Sullivan)." (ECF No. 70 at 2.) On February 4, 2022, Pattison filed an

emergency motion to stay discovery until Defendants complied with the Court's October 14, 2021 order. (ECF No. 84.) Pattison additionally requested the appointment of counsel in his motion to litigate the remainder of this action. (*Id.* at 10.)

In the Second Order, Judge Denney denied the emergency motion because the prior October 14, 2021 order that required Defendants to produce all NDOC emails about Pattison from 2016 to the present was overly broad and not proportional to the needs of the case. (ECF No. 87 at 2.) Pattison did not provide a basis for the Court to impose a stay. (*Id.* at 2-3.) Moreover, Judge Denney denied the request for appointment of counsel because Pattison is able to adequately articulate his claims, the proceedings in this action are not unduly complex, and Pattison had not demonstrated a likelihood of success on the merits. (*Id.* at 4-5.) In response, Pattison filed his second objection. (ECF No. 101.)

### C. Third Order

Pattison filed a motion to recuse Judge Denney for personal bias and prejudice against Pattison. (ECF No. 89.) Judge Denney denied this motion in his Third Order because Pattison had failed to submit an affidavit showing Judge Denney had bias or prejudice. (ECF No. 92.) Judge Denney found that Pattison did not set forth facts to sufficiently demonstrate that he had actual bias or prejudice. (*Id.* at 2.) Moreover, Pattison's speculation and unfounded belief that there was *ex-parte* communication with Defendants did not demonstrate a basis for recusal. (*Id.* at 4.) In response, Pattison filed his third objection. (ECF No. 101.)

## III. LEGAL STANDARD

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); L.R. IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1-3, where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law.") This standard of review is significantly deferential to the initial ruling. "A finding is clearly erroneous when although there is evidence to support it, the reviewing body on

the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. v. Constr. Laborers Pension Tr.*, 508 U.S. 602, 622 (1993) (internal quotation marks and citation omitted). The reviewing court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cnty. of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991) (citation omitted).

## IV.   DISCUSSION[2]

Pattison appears to argue the First Order is erroneous because he had obtained an "unlimited general stipulation" to amend his complaint from Defendants and that Judge Denney overlooked Pattison's due diligence. (ECF No. 99 at 2.) Pattison also appears to argue that the Third Order was erroneous because Judge Denney adopts Defendants' "misleading mosaic of deception." (ECF No. 101 at 2.) Because the Court does not agree with Pattison, and in furtherance of resolving the outstanding Objections, the Court will summarily address Pattison's arguments with respect to the First and Third Orders below.

### A.   First Order Objection

The Court disagrees that Pattison obtained an "unlimited general stipulation," and it is unclear as to what that means in this context. The letter from Defendants to Pattison dated July 16, 2021, expressly stated that Defendants "don't have any objection to any amended complaint, if the complaint is *limited* to adding those specific defendants that [Pattison] named." (ECF No. 85 at 7-8 (emphasis added).) Nothing in the letter references the stipulation being unlimited, but rather to the contrary, the stipulation limited amending the complaint to only adding the defendants that Pattison had already named.

Moreover, when Pattison filed his motion regarding the discovery completion deadline on August 25, 2021 (ECF No. 46), noticeably absent from the motion was any mention of seeking to amend or join parties in light of the September 27, 2021 deadline. Despite Pattison having a stipulation to amend as of July 16, 2021—well in advance of

---

[2]Pattison's Objections are difficult to follow at times and requires the Court to construe his arguments as stated in this order. The Court further notes that Pattison titles his objection (ECF No. 101) as being an objection to both the Second and Third Orders (ECF Nos. 87, 92). However, a review of that objection shows that Pattison does not make specific arguments challenging the Second Order. To the extent that Pattison is objecting to the Second Order, that objection is overruled.

the deadline to amend or join parties—Pattison nevertheless failed to file a motion to amend his complaint until February 7, 2022. (ECF No. 85.) While Pattison asserts that Judge Denney overlooked Pattison's "due diligence," the record suggests otherwise. As such, Judge Denney did not clearly err when he denied Pattison's motion to amend because Pattison had failed to explain why he waited so long to file his motion. *See* 28 U.S.C. § 636(b)(1)(A). *See also* Fed. R. Civ. P. 72(a).

Because Pattison has expressed several times that he is proceeding in this action *pro se*, this fact is not lost on the Court. Although the Court liberally construes documents filed by *pro se* litigants, Pattison's *pro se* status does not relieve him of the duty to follow procedural rules and deadlines. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925-28 (9th Cir. 2012). It is apparent from the record that the deadline to amend or join parties was September 27, 2021, but Pattison filed his motion to amend well after that deadline. As such, and for the reasons stated, Pattison's first objection (ECF No. 99) is overruled.

## B. Third Order Objection

A review of Pattison's objection to the Third Order reveals that Pattison is merely unsatisfied that Judge Denney has ruled against him. For example, Pattison alleges that Judge Denney adopts Defendants' "misleading mosaic of deception." (ECF No. 101 at 2.) But Pattison does not substantiate his allegation with evidence. Pattison's objection to Judge Denney's Third Order is not appropriate here simply because Pattison disagrees with Judge Denney's rulings. The Court, having reviewed the record, agrees with Judge Denney that Pattison has not set forth facts to sufficiently demonstrate that Judge Denney exhibited actual bias or prejudice. (ECF No. 92 at 2.) As such, Judge Denney did not clearly err in denying the motion to recuse Judge Denney for personal bias and prejudice. *See* 28 U.S.C. § 636(b)(1)(A). *See also* Fed. R. Civ. P. 72(a). The Court therefore overrules Pattison's third objection (ECF No. 101).

///

///

## V.   CONCLUSION

It is therefore ordered that Plaintiff Dante Pattison's motion to extend time (ECF No. 93) is denied as moot.

It is further ordered that Pattison's motion seeking leave to file a surreply (ECF No. 107) is denied.

It is further ordered that Pattison's Objections (ECF Nos. 99, 101) are overruled.

DATED THIS 12th Day of May 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE