**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DANTE PATTISON,<br><br>    Plaintiff<br><br>v.<br><br>BRIAN SANDOVAL, et al.,<br><br>    Defendants | Case No.: 3:20-cv-00287-MMD-CSD<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF No. 187 |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's request for judicial intervention. (ECF No. 187.)

After a thorough review, it is recommended that Plaintiff's motion be denied.

**I. BACKGROUND**

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. Chief Judge Miranda Du screened Plaintiff's complaint and allowed him to proceed with an Eighth Amendment deliberate indifference to serious dental needs claim against defendants Sullivan, Vargas, Dr. Petersen, and a John Doe dentist when Plaintiff learned of his or her identity. The claim is based on allegations that Defendants knew of Plaintiff's dental issues and ongoing complaints he was not receiving dental treatment, but failed to provide him with adequate dental treatment. He was also allowed to proceed with a supervisory liability Eighth Amendment claim against defendants Sandoval, Baca, Dzurenda, Dr. Aranas, and Laxalt based on allegations that in 2016 or 2017, Vargas told these defendants that Northern Nevada Correctional Center (NNCC) created a policy to deny

preventive dental care to inmates, and they failed to take any action. Finally, Plaintiff was allowed to proceed with a retaliation claim against defendants Sullivan and Meza based on allegations he filed a grievance with evidence (four dental kites), and Sullivan and Meza purposefully destroyed the evidence to prevent Plaintiff from pursuing his claims. (ECF No. 6.)

Dr. Petersen passed away and has been dismissed without prejudice. (ECF No. 79.) Dr. Benson has been substituted in place of the John Doe dentist. (ECF No. 38.) Sullivan and Meza were voluntarily dismissed. (ECF Nos. 177, 178.)

Plaintiff now requests judicial intervention, which the court construes as a request for injunctive relief.

## II. DISCUSSION

The purpose of a preliminary injunction or temporary restraining order is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981).

Injunctions are governed procedurally by Federal Rule of Civil Procedure 65, but case law outlines the substantive requirements a party must satisfy to obtain an injunction o. *See Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 319 (1999) ("[T]he general availability of injunctive relief [is] not altered by [Rule 65] and depend[s] on traditional principles of equity jurisdiction.").

A preliminary injunction is an "extraordinary and drastic remedy" that is "never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations omitted). Instead, in every case, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. Natural Resources Defense*

*Council, Inc.*, 555 U.S. 7, 23 (2008) (internal quotation marks and citation omitted). The instant motion requires that the court determine whether Plaintiff has established the following: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Id.* at 20 (citations omitted).).

The Prison Litigation Reform Act (PLRA) mandates that prisoner litigants must satisfy additional requirements when seeking preliminary injunctive relief against prison officials. The PLRA provides, in relevant part:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). Thus, the PLRA limits the court's power to grant preliminary injunctive relief to inmates. *See Gilmore v. People of the State of California*, 220 F.3d 987, 998 (9th Cir. 2000). "Section 3626(a) therefore operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Id.* at 999.

Plaintiff's motion states that Defendants have refused to plane his roots and root pockets for nine years. He indicates that he has cavities on teeth 3, 5, 6, 13, 15, 21, 18, and 31, that are causing severe pain. Plaintiff asks that the court intervene to arrest, stop and begin therapeutic and diagnostic treatment of his serious dental issues.

3

Plaintiff has not addressed whether he is likely to succeed on the merits, and provides no *evidence* to support the assertions made in his motion. Nor does he specifically state that he is likely to suffer irreparable harm in the absence of relief other than stating he has suffered irreparable harm because he is not a lawyer and has no idea what he is doing in terms of prosecuting his case. He does not discuss the balance of equities nor the public interest. Therefore, Plaintiff has not met his burden of demonstrating he is entitled to injunctive relief and his motion should be denied.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DENYING** Plaintiff's motion requesting judicial intervention (ECF No. 187).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: September 27, 2022

_____
Craig S. Denney
United States Magistrate Judge