UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DANTE H. PATTISON,<br><br>                            Plaintiff,<br>v.<br><br>BRIAN SANDOVAL, *et al.*,<br><br>                            Defendants. | Case No. 3:20-cv-00287-MMD-CSD<br><br>ORDER |

**I.    SUMMARY**

*Pro se* Plaintiff Dante H. Pattison, who is an inmate in the custody of the Nevada Department of Corrections ("NDOC"), brings this action under 42 U.S.C. § 1983 against Defendants Romeo Aranas, Isidro Baca, Dr. Benson, Charles Daniels, James Dzurenda, Aaron Ford, Adam Laxalt, Michael Minev, Perry Russell, Brian Sandoval, Steve Sisolak, Megan Sullivan, and Jenny Vargas.[1] (ECF No. 7, 38.) Before the Court is a Report and Recommendation ("R&R") of United States Magistrate Judge Craig S. Denney (ECF No. 205), recommending the Court grant in part and deny in part Defendants' motion for summary judgment (ECF No. 143 ("Defendants' Motion")). Plaintiff filed an objection to the R&R.[2] (ECF No. 230 ("Plaintiff's Objection").) Defendants also filed an objection to the R&R (ECF No. 232 ("Defendants' Objection")) and, in the alternative, a motion for leave

---

[1] Plaintiff's complaint also named Dr. Peterson and Victoria Meza as Defendants. As Judge Denney noted in the R&R, Dr. Petersen passed away and was dismissed without prejudice (ECF No. 79), and Meza was voluntarily dismissed without prejudice (ECF Nos. 177, 178). (ECF No. 205 at 2.) Megan Sullivan (erroneously named as Melisa Sullivan in the complaint) was dismissed without prejudice along with Meza (ECF Nos. 177, 178) but was later re-added as a Defendant in the Court's January 10, 2023 order (ECF No. 211).

[2] Plaintiff also filed a "supplemental objection" (ECF No. 231), which the Court considers as part of his Objection. Defendants filed a response to Plaintiff's Objection. (ECF No. 239.)

to file a successive motion for summary judgment (ECF No. 233).[3] Before the Court is also Plaintiff's request for counsel in his Objection (ECF No. 230 at 1-2, 17), which the Court construes as a motion for appointment of counsel. As further explained below, because the Court disagrees with Judge Denney's analysis as to the statute of limitations issue but agrees as to the other issues, the Court will adopt in part and reject in part the R&R. Accordingly, the Court will grant in part and deny in part Defendant's Motion. The Court also denies Defendants' motion for leave to file a successive motion for summary judgment and grants Plaintiff's motion for appointment of counsel.

## II. BACKGROUND

The Court incorporates by reference Judge Denney's description of the case's background provided in the R&R, which the Court adopts. (ECF No. 205 at 1-2.)

## III. DISCUSSION

The Court first addresses the statute of limitations as to Plaintiff's Eighth Amendment deliberate indifference claims, then addresses the merits of the claims against each group of Defendants in turn. Because Plaintiff and Defendants have filed objections, the Court conducts a de novo review of those objected-to findings and recommendations. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations."). The Court lastly addresses Defendants' motion for leave to file a successive motion for summary judgment and Plaintiff's motion for appointment of counsel.

---

[3] Plaintiff filed a "motion to strike" Defendants' Objection and motion for leave to file a successive motion for summary judgment, which the Court construes as a response to Defendants' Objection. (ECF No. 234.) In this response, Plaintiff argues that Defendants' Objection was not timely, as it was over 30 days past the initial objection deadline of January 13, 2023. (*Id.* at 1-2.) However, the Court extended the objection deadline for all parties to February 12, 2023 in its January 10, 2023 order when it granted Plaintiff's motion to extend time to object. (ECF No. 211.) Defendants' Objection is still one day late under the extended deadline, but the Court nevertheless considers it. (*Id.*; ECF No. 232.) In any event, this issue ultimately does not matter because the Court overrules Defendants' Objection as discussed below.

A. **Statute of Limitations**

Judge Denney recommends granting Defendants' motion to the extent Plaintiff's claims are based on conduct that occurred before January 6, 2018, as such claims are barred by the statute of limitations. (ECF No. 205 at 8, 15.) Judge Denney bases this recommendation on his findings that a two-year statute of limitations applies with equitable tolling for 130 days and that the continuing violations doctrine does not apply to Eighth Amendment deliberate indifference claims. (*Id.* at 5-8.) Plaintiff objects, arguing that the continuing violations doctrine does apply to his claims and points to the Court's reasoning in *Entsminger v. Aranas*, Case No. 3:16-cv-00555-MMD-WGC, 2021 WL 4394773 (D. Nev. Sept. 24, 2021). The Court agrees with Plaintiff as explained below.

The continuing violations doctrine applies to § 1983 actions and allows a plaintiff to seek relief for events outside of the limitations period. *See Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001). There are two ways in which a plaintiff may establish a continuing violation. First, the plaintiff may establish "a series of related acts, one or more of which falls within the limitations period," and second, the plaintiff may demonstrate "the maintenance of a discriminatory system both before and during [the limitations] period." *Bird v. Dep't of Human Servs.*, 935 F.3d 738, 746 (9th Cir. 2019) (citations omitted).[4] As this Court noted in *Entsminger*, 2021 WL 4394773, at *8, although the Ninth Circuit has not adopted the continuing violations doctrine for § 1983 Eighth Amendment medical care claims, it has not foreclosed the possibility and has acknowledged that "other circuits and many district courts in our circuit have" adopted the doctrine to such claims. *See Deetz v. Ryan*, 830 Fed. App'x 986, 987 (9th Cir. 2020) (citation omitted). In fact, the Ninth Circuit

---

[4]In *Bird*, the Ninth Circuit found that "[e]xcept for a limited exception for hostile work environment claims . . . the serial acts branch is virtually non-existent." 935 F.3d at 748 (internal citations omitted). As for the systematic branch, the court has "consistently refused to apply [this branch] to rescue individualized claims that are otherwise time-barred" but has "left room" for its application to class-wide pattern-or-practice claims. *Id.* However, *Bird* specifically addressed a § 1983 complaint for a due process violation, not an Eighth Amendment deliberate indifference violation. *See id.* at 743.

3

has even indicated its willingness to apply the doctrine in this context in a recent case. *See Chestra v. Davis*, 747 Fed. App'x 626, 627 (9th Cir. 2019).

In response to Plaintiff's Objection, Defendants cite to *Herrington v. Bristol*, Case No. 20-35288, 2022 WL 1421442, at *1 (9th Cir. May 5, 2022), which stated that "[t]he continuing violations doctrine does not save the [plaintiff's] claims challenging treatment that occurred before the statute of limitations ran" because "[t]he mere fact that the testing and treatment decisions were related to the same medical condition does not establish a continuing violation." (ECF No. 239 at 4.) However, in *Herrington*, the court was affirming a district court decision that recognized the continuing violations doctrine *could* apply to deliberate indifference claims but ultimately found it did not apply because even assuming deliberate indifference: (1) the most recent alleged wrongful act occurred outside of the limitations period; (2) "the harm complained of is merely a continuing impact of [past] allegedly wrongful conduct," as opposed to the continuation of wrongful conduct; or (3) the wrongful conduct "more closely resemble[d] an 'independent wrongful, discrete act' than a continuous pattern of wrongful conduct." *See Herrington v. Bristol*, Case No. 2:16-cv-00680-AC, 2019 WL 7598855, *15-*17 (D. Or. July 29, 2019), *report and recommendation adopted*, Case No. 2:16-CV-00680-AC, 2020 WL 265192 (D. Or. Jan. 17, 2020), *aff'd*, Case No. 20-35288, 2022 WL 1421442 (9th Cir. May 5, 2022). That court did not find that the doctrine does not apply as a matter of law. Accordingly, the Court finds that the continuing violations doctrine can apply to Plaintiff's deliberate indifference claims.

The continuing violations doctrine applies here if the alleged wrongful acts "are related closely enough to constitute a continuing violation, and that one or more of the acts falls within the limitations period." *Knox*, 260 F.3d at 1013 (citation omitted). The continuing violation doctrine does not apply if the harm alleged is a "mere continuing *impact* from past violations," or if the claim is "based on an independently wrongful, discrete act." *Id.* (internal quotation marks omitted); *Pouncil v. Tilton*, 704 F.3d 568, 579 (9th Cir. 2012).

Here, as to Benson, Sullivan, and Vargas, Plaintiff alleges that he repeatedly submitted kites between 2015 and 2020 describing his need for dental services for his

4

serious dental issues to these Defendants, and they continued to fail to take adequate action. (ECF No. 6 at 5-6.) As to Aranas, Baca, Dzurenda, Laxalt, and Sandoval, Plaintiff alleges that they knew in 2016 or 2017 that NNCC had an unofficial policy of refusing preventive dental care to inmates and failed to take any action. (*Id.* at 7-8.) The Court finds that Defendants' alleged deliberate indifference to Plaintiff's serious dental needs before January 6, 2018 and after January 6, 2018—the latter falling within the limitations period—are sufficiently related to constitute a continuing violation that tolls the statute of limitations. Plaintiff's alleged harm resulting from Defendants' failure to provide adequate dental care after each kite and failure to change a policy of refusing preventive dental care to inmates more closely resembles a pattern of wrongful conduct than independent discrete acts. Moreover, unlike in *Herrington*, Plaintiff is not only complaining of "continuing impacts" of violations occurring before January 6, 2018, but also complaining of continual new failures to take action in response to his kites and grievances submitted before and after January 6, 2018. *See* 2019 WL 7598855, at *15-*16.

Accordingly, the Court finds that the statute of limitations does not bar any part of Plaintiff's claims and rejects Judge Denney's recommendation to grant Defendants' Motion to the extent Plaintiff's claims are based on conduct that occurred before January 6, 2018. The Court now addresses the merits of Plaintiff's claims.

### B.     Eighth Amendment Claim Against Benson, Sullivan, and Vargas

Judge Denney recommends denying Defendants' Motion as to Benson and Vargas because Defendants did not meet their burden to show the absence of a genuine dispute of material fact. (ECF No. 205 at 11-13.) Defendants object, arguing that Judge Denney ignored that Defendants "need only point out [by argument] that there is an absence of evidence" and improperly "fault[ed] Defendants for a lack of evidence showing that they did not provide dental care." (ECF No. 232 at 2.) However, Judge Denney did not "fault" Defendants for a lack of *evidence* but instead ultimately found that Defendants did not sufficiently make the *argument* that there is an absence of a genuine issue of material fact as to whether Benson and Vargas were deliberately indifferent to Plaintiff's serious dental

5

needs. (ECF No. 205 at 11-13.) As Defendants note themselves, they needed to have at least pointed out through argument the absence of a genuine issue of material fact as to Benson and Vargas, *see Devereaux v. Abbey,* 263 F.3d 1070, 1076 (9th Cir. 2001), and the Court agrees with Judge Denney that they have not sufficiently done so.

Defendants primarily argue that there is no evidence that Plaintiff received substandard care because Plaintiff had at least 17 dental visits between 2015 and 2020, was scheduled for a dental appointment after each medical kite he submitted seeking dental care, and received some treatment or evaluation during those visits. (ECF No. 143 at 18-19.) But, as Judge Denney found and the Court agrees, just because Plaintiff visited the dentist often does not mean he received adequate or acceptable care for his serious dental needs, particularly in light of Plaintiff's continued submission of medical kites complaining of his dental issues and pain. (ECF No. 205 at 11-12.) Based on Defendants' argument and drawing reasonable inferences in Plaintiff's favor, a reasonable jury could still find that Benson, Vargas, and Sullivan[5] were deliberately indifferent to Plaintiff's serious dental needs. *See Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986) (holding that in evaluating a summary judgment motion, a court must draw all inferences in the light most favorable to the nonmoving party). That argument is therefore insufficient to show an absence of a genuine issue of material fact to meet Defendants' initial burden. Accordingly, the Court adopts Judge Denney's recommendation denying Defendants' Motion as to Benson and Vargas and independently finds that Sullivan is not entitled to summary judgment for the same reasons.

---

[5]Judge Denney did not address the deliberate indifference claim against Sullivan in his R&R because she had been dismissed from the action at that time. Because Sullivan was re-added as a Defendant after the R&R was issued, the Court now independently addresses the claim as to Sullivan and finds that she is not entitled to summary judgment for the same reasons as Benson and Vargas.

### C. Eighth Amendment Claim Against Aranas, Baca, Dzurenda, Laxalt, and Sandoval for Supervisory Liability

Judge Denney recommends granting Defendants' Motion as to Aranas, Baca, Dzurenda, Laxalt, and Sandoval because Defendants met their initial burden[6] and Plaintiff in response provided no evidence to create a genuine dispute of material fact as to whether these Defendants knew of the alleged policy at NNCC to deny inmates preventive dental care. (ECF No. 205 at 10.) Plaintiff's claim against these Defendants passed screening based on the allegation in his complaint that nothing changed after "Defendant Vargas [in 2016 or 2017] confided to [Plaintiff that] she complained to 'The Board' (presumably the Board of Prison Commissioners) about lack of resources and that all the inmates are having to get (saveable) teeth pulled out due to NNCC Dental[']s policy [of] refusing preventive services." (ECF No. 7 at 12 n.2; ECF No. 6 at 5, 7-8.) And Judge Denney found that this allegation is "based solely on [Plaintiff's] speculation" and insufficient to raise a genuine dispute of material fact as to whether Vargas told these Defendants about the policy. (ECF No. 205 at 10-11.)

Plaintiff objects,[7] arguing that he has submitted grievances—Grievances #2006-30-93375, #2006-30-93928, and #2006-30-85348—supporting this allegation. (ECF No.

---

[6]Plaintiff argues in his Objection that Judge Denney did not first determine whether these Defendants met their initial burden of proof. (ECF No. 231 at 2.) However, Judge Denney did make this determination when he found that Defendants sufficiently pointed out that "these Defendants were not [personally] involved in dental care provided to Plaintiff" and that "there is no evidence to support Plaintiff's allegation that Vargas told these Defendants that NNCC had created a policy to deny preventive care to inmates." (ECF No. 205 at 10.) The Court agrees with Judge Denney that Defendants' argument in their Motion as to these Defendants (ECF No. 143 at 16-17) sufficiently demonstrates an absence of a genuine issue of material fact, which shifts the burden to Plaintiff.

[7]In his Objection, Plaintiff also argues that questions of fact exist as to whether these Defendants "have policies[,] practices[,] and customs which exposed, and continue to expose [Plaintiff] to a substantial risk of serious harm." (ECF No. 230 at 7-11.) However, much of Plaintiff's citations to legal cases to support his argument pertain to municipal liability, which is not relevant here. Moreover, the screening order permitted Plaintiff's claim against these Defendants to proceed based on the allegation that nothing changed after Vargas informed these Defendants of the alleged policy to deny preventative care to inmates, not on the allegation that these Defendants implemented the alleged policy. (ECF No. 7 at 7-8.)

230 at 13.) In Grievance #2006-30-93375, Plaintiff stated that "Jenny Vargas confessed to me that over the last 6 years all the inmates in NNCC are suffering permanent tooth loss due to NNCC Dental[']s practice, policy and custom refusing to deep root scale (clean) teeth or remove bacterial plaque calcite build up" (ECF No. 7 at 44), and "Jenny Vargas told me she brought to attention of NDOC Medical Board that all the NNCC inmates are having their teeth pulled due to policy forbid[d]ing removal of bacterial plaque calcite" (*id.* at 47). While these statements are in some respects similar to Plaintiff's allegation in his complaint, they do not provide evidence that Vargas told the Board of Prison Commissioners—a different entity from the "NDOC Medical Board"—about the policy as Plaintiff alleges nor that Aranas, Baca, Dzurenda, Laxalt, and Sandoval each knew of the policy.

In Grievance #2006-30-93928, Plaintiff complained generally of NNCC Dental's "failure to implement[,] enforce[,] and monitor policies" and "pulling teeth that could be saved and other inhumane treatment," but there is no mention of Vargas informing the Board of Prison Commissioners or these Defendants of the alleged policy. (*Id.* at 32). Lastly, in Grievance #2006-30-85348, Plaintiff stated that "NNCC's chronically understaffed Dental Dept. and Dentist have the policy[,] practice[,] and custom of failing to provide medically necessary proscribed dental services" and mentioned "inadequate and poorly monitored policies and procedures in NNCC/NDOC's Dental Department." (ECF No. 143-7 at 5, 22.) Again, this grievance does not mention Vargas informing the Board of Prison Commissioners of the alleged policy nor that these Defendants, as opposed to the "Dental Department," are connected to this policy.

Moreover, even viewing Plaintiff's sworn complaint allegation as admissible evidence,[8] Plaintiff appears to speculate that Vargas had been referring to the Board of

---

[8] When a *pro se* litigant opposes summary judgment, their contentions in motions and pleadings may be considered as evidence to meet the non-party's burden to the extent: (1) contents of the document are based on personal knowledge; (2) they set forth facts that would be admissible into evidence; and (3) the litigant attested under penalty of perjury that they were true and correct. *See Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004) (citations omitted).

Prison Commissioners and therefore the connection to the Board of Prison Commissioners and even more so the specific named Defendants is too attenuated, and Plaintiff does not offer any other specific facts or details about this alleged meeting between Vargas and these Defendants. Accordingly, the Court finds that Plaintiff has not provided evidence sufficient to raise a genuine issue of material fact as to whether Vargas told Aranas, Baca, Dzurenda, Laxalt, and Sandoval about the policy and therefore whether these Defendants knew of the policy and disregarded serious risks to Plaintiff's health. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("A supervisor is only liable for constitutional violations of [their] subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them."). The Court therefore adopts Judge Denney's recommendation to grant Defendants' Motion as to Aranas, Baca, Dzurenda, Laxalt, and Sandoval.

### D. Eighth Amendment Claim Against Daniels, Ford, Minev, Russell, and Sisolak for Injunctive Relief

Judge Denney recommends granting Defendants' Motion as to Daniels, Ford, Minev, Russell, and Sisolak because the claim proceeding against them is only for injunctive relief to change the alleged policy of denying inmates preventative care, and given his recommendation to grant Defendants' Motion as to Aranas, Baca, Dzurenda, Laxalt, and Sandoval based on the alleged policy, he found "no basis for a claim for injunctive relief." (ECF No. 205 at 14.) Plaintiff objects, arguing that a reasonable jury could find that the alleged deprivation of medical treatment for Plaintiff's dental issues "was a direct consequence" of Daniels, Ford, Minev, Russell, and Sisolak's "failure or refusal to create an adequate medical and dental budget" and "failure or refusal to hire and staff adequate numbers of effective, skilled and competent medical and dental professionals." (ECF No. 230 at 15.) However, the Court's screening order did not permit a claim against these Defendants based on such allegations and in fact dismissed a claim against these Defendants (and the other supervisory Defendants) that was based on similar allegations

of a failure to properly train their subordinates. (ECF No. 6 at 8, 11-12.) The Court therefore finds Plaintiff's objection unpersuasive.

Because the Court grants summary judgment to Aranas, Baca, Dzurenda, Laxalt, and Sandoval for the deliberate indifference claim based on the alleged policy, as discussed above, the Court similarly finds no basis for the claim for injunctive relief to change the alleged policy. Accordingly, the Court adopts Judge Denney's recommendation to grant Defendants' Motion as to Daniels, Ford, Minev, Russell, and Sisolak.

### E.     Qualified Immunity

Judge Denney recommends denying Defendants' Motion as to qualified immunity for the remaining Defendants, Benson and Vargas, because it is unclear whether they violated Plaintiff's constitutional rights, and it has been well-established that denying, delaying, or intentionally interfering with medical treatment can violate the Constitution. (ECF No. 205 at 15.) Defendants object for similar reasons discussed above as to the merits of the claims against Benson and Vargas. (ECF No. 232 at 3.) The Court agrees with Judge Denney because it finds that genuine issues of material fact exist as to whether Benson and Vargas violated Plaintiff's Eighth Amendment rights, it was clearly established at the time of the alleged violations that an incarcerated person has a right to be free from deliberate indifference to their serious medical needs, and therefore Benson and Vargas are not entitled to summary judgment. *See, e.g.*, *Sandoval v. Las Vegas Metro. Police Dep't*, 756 F.3d 1154, 1160 (9th Cir. 2014) ("If genuine issues of material fact exist that prevent a determination of qualified immunity at summary judgment, the case must proceed to trial.") (internal quotation marks, brackets, and citation omitted). For the same reasons, the Court independently finds that Sullivan is also not entitled to summary judgment.

In sum, the Court rejects the R&R to the extent it recommends granting Defendants' Motion as to the portions of Plaintiff's claims that are barred by the statute of limitations and otherwise adopts the R&R. Accordingly, the Court sustains in part and overrules in

part Plaintiff's Objection and overrules Defendants' Objection. The Court therefore grants Defendants' Motion as to Aranas, Baca, Daniels, Dzurenda, Ford, Laxalt, Minev, Russell, Sandoval, and Sisolak and denies Defendant's Motion as to Benson, Sullivan, and Vargas. To be clear, Plaintiff's Eighth Amendment deliberate indifference claim is proceeding to trial against Benson, Sullivan, and Vargas.

### F. Defendants' Motion for Leave to File a Successive Motion for Summary Judgment

In the alternative, on Judge Denney's recommendation, Defendants move for leave to file a successive motion for summary judgment.[9] (ECF No. 233; ECF No. 205 at 14, 15.) Defendants request leave to file a successive motion in the event this Court "deems that additional briefing . . . would be useful." (ECF No. 232 at 3.) The Court finds that additional briefing would not be useful as the issues have been thoroughly briefed.

Moreover, because Defendants are seeking leave to file an additional summary judgment motion after the Court entered a scheduling order and after the dispositive motions deadline expired (ECF No. 127), Federal Rule of Civil Procedure 16(b)(4)'s "good cause" standard for modifying a scheduling order applies. Defendants do not make any arguments as to why the Court should amend the scheduling order and therefore have not demonstrated good cause to amend the scheduling order permitting it to file another motion for summary judgment. Accordingly, the Court denies Defendants' motion for leave to file a successive motion for summary judgment.

### G. Plaintiff's Motion for Appointment of Counsel

Lastly, the Court addresses Plaintiff's request for counsel made in his Objection (ECF No. 230 at 1-2, 17), which the Court construes as a motion for appointment of

---

[9]Plaintiff objects to Judge Denney "inviting" Benson and Vargas to file a successive motion "after counseling them to raise a *Peralta* 'cost defense.'" (ECF No. 230 at 2.) But Judge Denney merely properly instructed Defendants that they could "seek leave of court to file a successive motion for summary judgment if legally and factually appropriate." (ECF No. 205 at 15.) And Judge Denney did not "counsel" Defendants in any way as Plaintiff suggests. In fact, he found in favor of Plaintiff when he found that Defendants' attempt at invoking *Peralta* was inapplicable and not a basis to grant summary judgment. (*Id.* at 13.)

counsel. "There is no constitutional right to appointed counsel in a § 1983 action." *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *opinion reinstated in pertinent part*, 154 F.3d 952, 954 n.1 (9th Cir. 1998) (en banc). Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the Court may appoint counsel for indigent civil litigants only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and [the plaintiff's ability to] articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id*. (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)) (internal quotation marks omitted).

The Court finds that Plaintiff's Eighth Amendment deliberate indifference claims are complex given the number of remaining Defendants, the number of alleged wrongful acts spanning at least a five-year period, and the medical nature of Plaintiff's various dental issues. Plaintiff's medical indifference claims likely require arguments and expert testimony as to the appropriate standard of care and would overwhelm Plaintiff's ability to articulate his claims *pro se*. Because Plaintiff has claims proceeding to trial and because of the complex and medical nature of those claims, the Court finds exceptional circumstances exist to warrant the appointment of counsel to represent Plaintiff at trial. Accordingly, the Court grants Plaintiff's motion for appointment of counsel and will refer this case to the Pro Bono Program for counsel to be appointed for purposes of trial.[10]

### IV.   CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before

---

[10] In his Objection, Plaintiff requests counsel not only to assist with trial but also with additional discovery and locating dismissed Defendant Dr. Peterson's estate. (ECF No. 230 at 2.) However, the deadline for discovery has passed (ECF No. 127), and the time to add the estate as a party has also passed (ECF No. 79). And the Court notes that appointment of counsel is for the limited purposes of representing Plaintiff at trial.

the Court.

It is therefore ordered that Plaintiff's objection (ECF Nos. 230, 231) to the Report and Recommendation of U.S. Magistrate Judge Craig S. Denney is sustained in part and overruled in part, as specified herein.

It is further ordered that Defendants' objection (ECF No. 232) to Judge Denney's Report and Recommendation is overruled.

It is further ordered that Judge Denney's Report and Recommendation (ECF No. 205) is rejected in part and adopted in part, as specified herein.

It is further ordered that Defendants' motion for summary judgment (ECF No. 143) is granted in part and denied in part, as specified herein.

It is further ordered that Defendants' motion for leave to file a successive motion for summary judgment (ECF No. 233) is denied.

It is further ordered that Plaintiff's motion to strike (ECF No. 234) is denied to the extent that it asks the Court not to consider Defendants' objection to the R&R and motion for leave to file a successive motion for summary judgment.

It is further ordered that Plaintiff's request for counsel in his Objection (ECF No. 230 at 1-2, 17), which the Court construes as a motion for appointment of counsel, is granted.

It is further ordered that this case is referred to the Pro Bono Program adopted in Amended General Order 2019-07 for the purpose of identifying counsel willing to be appointed as pro bono counsel for Plaintiff. The scope of appointment will be for the limited purposes of representing Plaintiff at trial. By referring this case to the Program, the Court is not expressing an opinion as to the merits of the case. Accordingly, this case is referred to the Pro Bono Program for appointment of counsel for the purposes as stated herein.

DATED THIS 10th Day of March 2023.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE